IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL J. NIST )
                                                            ) No. 19-655
    v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for social security disability benefits, alleging disability due to physical impairments, including atrial fibrillation and restless leg syndrome. At initial stages of review, Plaintiff was found disabled and then, upon further review, not disabled; his application was then denied upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently."  Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff first argues that Defendant erred when it referred his case to an ALJ, following a favorable decision resulting from processing through a Social Security Pilot Program, the Single Member Decision Maker program ("Pilot Program").  Plaintiff claims that the favorable decision, made under the Pilot Program, was binding.  In addition, Plaintiff otherwise challenges

the ALJ's treatment of the medical evidence of record, and the residual functional capacity ("RFC"). Defendant opposes Plaintiff's argument, responding, inter alia, that that the initial favorable determination, issued in June 2016, was revised afterwards because it was based on incomplete information, that Plaintiff's application was not part of the Pilot Program to which Plaintiff cites, and that the ALJ did not err in any respect.

Based on the parties' submissions, I am not persuaded that the initial disability determination to which Plaintiff points was subject to improper additional proceedings. The parties have directed the Court to no regulation, rule, or statute that would definitively preclude the events occurring here, and the Court has found none. Plaintiff takes issue with the Quality Review Examiner's failure to explain her conclusion that the application warranted further investigation. Assuming that this Court is authorized to evaluate that conclusion, I find no apparent error.

Plaintiff, however, also makes substantive challenges of error. He asserts that the ALJ improperly considered and weighed the opinions of treating physician Dr. Wisneski and agency reviewers Drs. Van Tran and McWatters. Plaintiff focuses on his restless leg syndrome, and thus the Court does likewise.

The ALJ considered Dr. Wisneski's November, 2017 opinion. Therein, Dr. Wisneski opined that Plaintiff was not capable of full-time work, due to leg pain, restless leg syndrome, atrial fibrillation, and anxiety. Dr. Wisneski stated that Plaintiff's restless leg syndrome "causes great discomfort and does not allow him to stand or walk for any prolonged period of time." The ALJ arrived at a residual functional capacity ("RFC") that limited Plaintiff to sedentary work that allowed him to stand for ten minutes per hour. Dr. Wisneski authored a second letter, dated September 12, 2018, in which he stated that Plaintiff "has great difficulty with prolonged

standing and walking" and that as of March 31, 2016, he was "unable to sit or stand for more that 20-30 minutes at a time on a regular basis without having to get up and move around secondary to his leg pain."  Dr. Wisneski also noted that there are no clinical tests for the diagnosis of restless leg syndrome.

Plaintiff does not explain how the ALJ's RFC would fail to accommodate both Dr. Wisneski's 2018 opinion, which was not before the ALJ at the time of decision, and Plaintiff's testimony that he could not sit for more than 20 or 30 minutes at a time.  Moreover, the ALJ did not discount Dr. Wisneski's 2017 opinion merely because of the lack of objective clinical corroboration, and did not do so with respect to the effect of restless leg syndrome in particular.  Instead, the ALJ acknowledged Dr. Wisneski's treating status and concluded that the opinion – as to all of Plaintiff's physical conditions -- was inconsistent with the record as a whole.  In addition, the ALJ correctly noted that the ultimate conclusion of disability is reserved for the Commissioner.  For similar reasons, the Court rejects Plaintiff's suggestion that the vocational expert testimony was flawed due to these alleged errors.[1]  Given these conclusions, I find no error in the Appeals Council's treatment of Dr. Wisneski's 2018 opinion.[2]  Here, the Appeals Council concluded that the evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision, and did not err in so doing.

Finally, Plaintiff challenges the ALJ's treatment of the opinions of Drs. Van TranMcWatters.  The ALJ indicated that he afforded "significant" and "some" weight to Dr. Van

---

[1] In addition, the ALJ stated: "Although the DOT does not address the sit/stand option [for Plaintiff's past relevant work as jewelry repairer], the undersigned accepts the vocational expert's testimony regarding how that limitation would impact ability to perform this job…."

[2] The ALJ held the record open for 60 days so that Plaintiff could submit additional records.  Dr. Wisneski's 2018 opinion was not placed before the ALJ, who held the hearing on March 19, 2018 and authored his decision on July 26, 2018.  To the extent that Plaintiff suggests that the ALJ should have considered the opinion, I reject that argument. Moreover, Plaintiff does not establish that this Court may consider the evidence pursuant to Sentence Six, 42 U.S.C. § 405(g). Cf., e.g., Brown v. Saul, No. 18-1705, 2020 U.S. Dist. LEXIS 28942, at *43 (D. Del. Feb. 20, 2020)

Tran's July, 2014 opinion of Plaintiff's physical capacity, and to Dr. McWatters' 2016 findings. Both doctors opined that Plaintiff could, with normal breaks, sit for 6 and stand or walk for a total of 6 hours in an 8-hour workday.  The ALJ did not err in considering Dr. Van Tran's opinion because Dr. Van Tran considered Plaintiff's claim of disability due to atrial fibrillation, and prior to Plaintiff's restless leg syndrome becoming severe; there is no suggestion that the ALJ considered Dr. Van Tran's opinion with respect to Plaintiff's restless leg syndrome.   In addition, the ALJ arrived at an RFC that was more restrictive than both doctors' opinions, including limitations on Plaintiff's ability to sit and stand and a limitation to sedentary work. With regard to Dr. McWatters' conclusion that Plaintiff was disabled, the ALJ clearly did not accept that conclusion based on the record before him, which contained evidence not considered by Dr. McWatters.  The ALJ adequately explained his reasoning, and I find no error.

## CONCLUSION

For the foregoing reasons, I cannot find that the decision below was not supported by substantial evidence, as Plaintiff contends.  Plaintiff's Motion will be denied and Defendant's granted.  An appropriate Order follows.

BY THE COURT:

*/s/ Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: September 10, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL J. NIST )
) No. 19-655
v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 10th day of September, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court